UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HARRY WILLIAM LOTT,**

    **Plaintiff,**

    v.

        Civil Action 2:21-cv-4707
        Judge James L. Graham
        Magistrate Judge Chelsey M. Vascura

**ATTORNEY GENERAL MIKE DEWINE,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Harry Wiliams Lott, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \*   \*   \*
>
> (B) the action or appeal--
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted).

## II.

Plaintiff's Complaint lacks clarity. As a threshold matter, Plaintiff improperly styles this action as a habeas corpus petition. The scope of habeas corpus is prescribed by statute, specifically 28 U.S.C. § 2241. The United States Supreme Court described the scope and nature of habeas corpus as follows: "It is clear, not only from the language of [§§ 2241(c)(3) and 2254(a)], but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application

3

for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Plaintiff is not incarcerated, so this is not a habeas corpus action.

As best as the undersigned can discern from his allegations, Plaintiff has been declared a vexatious litigator by the Court of Common Pleas of Washington County, Ohio, pursuant to Ohio Revised Code § 2323.52. It appears that Plaintiff seeks to challenge both the state court's judgment declaring him a vexatious litigator and also the constitutionality of § 2323.52. Neither claim can proceed in this Court.

To the extent Plaintiff seeks relief from the state court's determination that he is a vexatious litigator, this Court lacks jurisdiction to hear such a claim. Federal courts lack jurisdiction to adjudicate direct appeals from state-court judgments. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) ("The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters."); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)) ("*Rooker–Feldman* stands for the simple (yet nonetheless confusing) proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments."); *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (same). Put another way, because only the United State Supreme Court has jurisdiction to correct state-court judgments, if Plaintiff seeks to appeal a decision from the Ohio Supreme Court, he may only do so through filing a petition for writ of certiorari to the United States Supreme Court.

4

To the extent Plaintiff seeks to challenge the constitutionality of § 2323.52, such a claim is not foreclosed by the *Rooker-Feldman* Doctrine, but nevertheless lacks merit. Section 2323.52 of the Ohio Revised Code does not pose an absolute bar to litigation, but requires individuals adjudged to be vexatious litigators to obtain leave of court before commencing legal proceedings in Ohio courts. Ohio Rev. Code § 2323.52(D)(1)(a), (b), (3); *see also Mayer v. Bristow*, 91 Ohio St. 3d 3, 15 (2000) (§ 2323.52 "establishes a screening mechanism under which the vexatious litigator can petition the declaring court, on a case-by-case basis, for a determination of whether any proposed action is abusive or groundless"). The United States Court of Appeals for the Sixth Circuit has rejected claims asserting that § 2323.52 is facially unconstitutional for violating the First, Fifth, and Fourteenth Amendments. *Hall*, 727 F.3d at 456-57. Having reviewed all of Plaintiff's filings, the undersigned is unable to discern any other viable bases for Plaintiff's challenge to the constitutionality of § 2323.52.

For these reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

### III.

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is **GRANTED**. (ECF No. 1.) For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. In addition, it is **RECOMMENDED** that the Court **DENY AS MOOT** Plaintiff's remaining motions (ECF Nos. 2-4.)

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                                            /s/ *Chelsey M. Vascura*
                                                            CHELSEY M. VASCURA
                                                           UNITED STATES MAGISTRATE JUDGE